Tracy M. McGovern, OR Bar No. 935349
mcgovern@fdfirm.com
Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern, P.C.
2592 East Barnett Road
Medford, OR 97504
Tel. 541.779.2333

Kadie M. Jelenchick, WI Bar No. 1056506 (*pro hac vice* to be filed)
kjelenchick@foley.com
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Tel. 414.319.7324

Attorney for Plaintiff MCP IP, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MCP IP, LLC,<br>         Plaintiff, | Case No.: _____ |
| vs. | COMPLAINT FOR PATENT<br>INFRINGEMENT (35 U.S.C.<br>§ 271) |
| BOWTECH, INC.,<br>         Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff MCP IP, LLC ("MCP IP"), by and for its Complaint for Patent

Infringement against Defendant Bowtech, Inc. ("Bowtech"), alleges to the Court as follows:

COMPLAINT FOR PATENT INFRINGEMENT – 1
4841-7343-7782.1

## PARTIES

1.      MCP IP is a company organized and existing under the laws of the State of South Dakota, with a principal place of business located at 919 River Road, Sparta, Wisconsin 54656.

2.      MCP IP is informed and believes that Bowtech is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located in this Judicial District within the Eugene Division at 90554 Highway 99 North, Eugene, Oregon 97402.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising out of Bowtech's unauthorized manufacturing, distributing, offering for sale, and selling of compound bows in violation of MCP IP's patent rights.  Because this action for infringement arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq*., this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Bowtech in that at all times pertinent hereto, upon information and belief, Bowtech has its principal place of business in this Judicial District and within the Eugene Division and is committing infringing acts at least in this Judicial District and within the Eugene Division.  More specifically, upon information and belief, Bowtech manufactures, offers for sale, and sells compound bows and compound bow accessories, including the infringing products, directly and through dealers in this Judicial District and within the Eugene Division for use in this Judicial District as well as across the United States. On information and belief, Bowtech bows, including the infringing bows and accessories described below, are available for purchase through at least West 11th Archery & Sports Center and Bowtech Factory Pro Shop, both of which are located within this Judicial District.

5.     Venue is proper in the District of Oregon and within the Eugene Division pursuant to 28 U.S.C. § 1400(b) because Bowtech has committed acts of infringement in this Judicial District and has a regular and established place of business in this District and within the Eugene Division.

## COUNT I

### INFRINGEMENT OF UNITED STATES PATENT NO. 7,946,281

6.     MCP IP repeats and realleges each and every allegation contained in paragraphs 1-5, inclusive, as though fully set forth herein.

7.     United States Patent No. 7,946,281 ("the '281 patent"), which is entitled "Balanced pulley assembly for compound archery bows, and bows incorporating that assembly," was duly and legally issued by the United States Patent and Trademark Office on May 24, 2011.  A true and correct copy of the '281 patent is attached hereto as Exhibit A.

8.     The '281 patent is valid and enforceable.

9.     MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '281 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

10.     Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '281 patent and MCP IP's infringement allegations relating to the '281 patent.

11.     Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 19 of the '281 patent in violation of 35 U.S.C. § 271(a).

---

COMPLAINT FOR PATENT INFRINGEMENT – 3
4841-7343-7782.1

12.     More specifically, Exhibit AA depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claim 19 of the '281 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

13.     Bowtech's infringement of the '281 patent has been and continues to be willful and deliberate.

14.     Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '281 patent.

## COUNT II

### INFRINGEMENT OF UNITED STATES PATENT NO. 8,443,791

15.     MCP IP repeats and realleges each and every allegation contained in paragraphs 1-14, inclusive, as though fully set forth herein.

16.     United States Patent No. 8,443,791 ("the '791 patent"), which is entitled "Dual feed-out archery cam," was duly and legally issued by the United States Patent and Trademark Office on May 21, 2013.  A true and correct copy of the '791 patent is attached hereto as Exhibit B.

17.     The '791 patent is valid and enforceable.

18.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '791 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

19.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '791 patent and MCP IP's infringement allegations relating to the '791 patent.

20.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 1 of the '791 patent in violation of 35 U.S.C. § 271(a).

21.    More specifically, Exhibit BB depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claim 1 of the '791 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

22.    Bowtech's infringement of the '791 patent has been and continues to be willful and deliberate.

23.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '791 patent.

## COUNT III

## INFRINGEMENT OF UNITED STATES PATENT NO. 8,919,333

24.     MCP IP repeats and realleges each and every allegation contained in paragraphs 1-23, inclusive, as though fully set forth herein.

25.     United States Patent No. 8,919,333 ("the '333 patent"), which is entitled "Balanced pulley assembly for compound archery bows, and bows incorporating that assembly," was duly and legally issued by the United States Patent and Trademark Office on December 30, 2014.  A true and correct copy of the '333 patent is attached hereto as Exhibit C.

26.     The '333 patent is valid and enforceable.

27.     MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '333 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

28.     Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '333 patent and MCP IP's infringement allegations relating to the '333 patent.

29.     Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 1 of the '333 patent in violation of 35 U.S.C. § 271(a).

30.     More specifically, Exhibit CC depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claim 1 of the '333 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction

purposes by information contained in this Exhibit. This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

31.     Bowtech's infringement of the '333 patent has been and continues to be willful and deliberate.

32.     Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '333 patent.

## COUNT IV

## INFRINGEMENT OF UNITED STATES PATENT NO. 9,423,201

33.     MCP IP repeats and realleges each and every allegation contained in paragraphs 1-32, inclusive, as though fully set forth herein.

34.     United States Patent No. 9,423,201 ("the '201 patent"), which is entitled "Balanced pulley assembly for compound archery bows, and bows incorporating that assembly," was duly and legally issued by the United States Patent and Trademark Office on August 23, 2016. A true and correct copy of the '201 patent is attached hereto as Exhibit D.

35.     The '201 patent is valid and enforceable.

36.     MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '201 patent. MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

37.     Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '201 patent and MCP IP's infringement allegations relating to the '201 patent.

---

38.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 1 of the '201 patent in violation of 35 U.S.C. § 271(a).

39.    More specifically, Exhibit DD depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claim 1 of the '201 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

40.    Bowtech's infringement of the '201 patent has been and continues to be willful and deliberate.

41.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '201 patent.

## COUNT V

### INFRINGEMENT OF UNITED STATES PATENT NO. 9,816,775

42.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-41, inclusive, as though fully set forth herein.

43. United States Patent No. 9,816,775 ("the '775 patent"), which is entitled "Balanced pulley assembly for compound archery bows, and bows incorporating that assembly," was duly and legally issued by the United States Patent and Trademark Office on November 14, 2017. A true and correct copy of the '775 patent is attached hereto as Exhibit E.

44. The '775 patent is valid and enforceable.

45. MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '775 patent. MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

46. Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '775 patent and MCP IP's infringement allegations relating to the '775 patent.

47. Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 1 of the '775 patent in violation of 35 U.S.C. § 271(a).

48. More specifically, Exhibit EE depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claim 1 of the '775 patent. MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit. This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

49.     Bowtech's infringement of the '775 patent has been and continues to be willful and deliberate.

50.     Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '775 patent.

## COUNT VI

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,035,840

51.     MCP IP repeats and realleges each and every allegation contained in paragraphs 1-50, inclusive, as though fully set forth herein.

52.     United States Patent No. 6,035,840 ("the '840 patent"), which is entitled "Cam," was duly and legally issued by the United States Patent and Trademark Office on March 14, 2000. A true and correct copy of the '840 patent is attached hereto as Exhibit F.

53.     The '840 patent is valid and enforceable.

54.     MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '840 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

55.     Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '840 patent and MCP IP's infringement allegations relating to the '840 patent.

56.     Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 15 of the '840 patent in violation of 35 U.S.C. § 271(a).

---

COMPLAINT FOR PATENT INFRINGEMENT – 10
4841-7343-7782.1

57.     More specifically, Exhibit FF depicts and describes how a Diamond Infinite Edge Pro bow and all other similarly configured bows meet each and every claim limitation of claim 15 of the '840 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

58.     Bowtech's infringement of the '840 patent has been and continues to be willful and deliberate.

59.     Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '840 patent.

## COUNT VII

### INFRINGEMENT OF UNITED STATES PATENT NO. 8,683,989

60.     MCP IP repeats and realleges each and every allegation contained in paragraphs 1-59, inclusive, as though fully set forth herein.

61.     United States Patent No. 8,683,989 ("the '989 patent"), which is entitled "Archery bow cam," was duly and legally issued by the United States Patent and Trademark Office on April 1, 2014.  A true and correct copy of the '989 patent is attached hereto as Exhibit G.

62.     The '989 patent is valid and enforceable.

63.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '989 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

64.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '989 patent and MCP IP's infringement allegations relating to the '989 patent.

65.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 12 of the '989 patent in violation of 35 U.S.C. § 271(a).

66.    More specifically, Exhibit GG depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claim 12 of the '989 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

67.    Bowtech's infringement of the '989 patent has been and continues to be willful and deliberate.

68.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '989 patent.

## COUNT VIII

### INFRINGEMENT OF UNITED STATES PATENT NO. 9,354,017

69.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-68, inclusive, as though fully set forth herein.

70.    United States Patent No. 9,354,017 ("the '017 patent"), which is entitled "Archery bow cam," was duly and legally issued by the United States Patent and Trademark Office on May 31, 2016.  A true and correct copy of the '017 patent is attached hereto as Exhibit H.

71.    The '017 patent is valid and enforceable.

72.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '017 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

73.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '017 patent and MCP IP's infringement allegations relating to the '017 patent.

74.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 12 of the '017 patent in violation of 35 U.S.C. § 271(a).

75.    More specifically, Exhibit HH depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claim 12 of the '017 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice

requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

76.    Bowtech's infringement of the '017 patent has been and continues to be willful and deliberate.

77.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '017 patent.

## COUNT IX

### INFRINGEMENT OF UNITED STATES PATENT NO. 8,453,635

78.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-77, inclusive, as though fully set forth herein.

79.    United States Patent No. 8,453,635 ("the '635 patent"), which is entitled "Bow limb retaining system," was duly and legally issued by the United States Patent and Trademark Office on June 4, 2013.  A true and correct copy of the '635 patent is attached hereto as Exhibit I.

80.    The '635 patent is valid and enforceable.

81.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '635 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

82.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '635 patent and MCP IP's infringement allegations relating to the '635 patent.

83.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting,

target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claims 1 and 12 of the '635 patent in violation of 35 U.S.C. § 271(a).

84.    More specifically, Exhibit II depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claims 1 and 12 of the '635 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

85.    Bowtech's infringement of the '635 patent has been and continues to be willful and deliberate.

86.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '635 patent.

<u>**COUNT X**</u>

**INFRINGEMENT OF UNITED STATES PATENT NO. 8,701,644**

87.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-86, inclusive, as though fully set forth herein.

88.    United States Patent No. 8,701,644 ("the '644 patent"), which is entitled "Bow limb retaining system," was duly and legally issued by the United States Patent and Trademark Office on April 22, 2014.  A true and correct copy of the '644 patent is attached hereto as Exhibit J.

89.     The '644 patent is valid and enforceable.

90.     MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '644 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

91.     Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '644 patent and MCP IP's infringement allegations relating to the '644 patent.

92.     Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claims 10 and 11 of the '644 patent in violation of 35 U.S.C. § 271(a).

93.     More specifically, Exhibit JJ depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claim 10 of the '644 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

94.     Bowtech's infringement of the '644 patent has been and continues to be willful and deliberate.

95.     Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '644 patent.

## COUNT XI

### INFRINGEMENT OF UNITED STATES PATENT NO. 9,285,180

96.     MCP IP repeats and realleges each and every allegation contained in paragraphs 1-95, inclusive, as though fully set forth herein.

97.     United States Patent No. 9,285,180 ("the '180 patent"), which is entitled "Bow limb retaining system," was duly and legally issued by the United States Patent and Trademark Office on March 15, 2016.  A true and correct copy of the '180 patent is attached hereto as Exhibit K.

98.     The '180 patent is valid and enforceable.

99.     MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '180 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

100.     Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '180 patent and MCP IP's infringement allegations relating to the '180 patent.

101.     Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 12 of the '180 patent in violation of 35 U.S.C. § 271(a).

102.     More specifically, Exhibit KK depicts and describes how a Bowtech Eva Shockey bow, a Diamond Infinite Edge Pro bow, and all other similarly configured bows meet each and

---

COMPLAINT FOR PATENT INFRINGEMENT – 17
4841-7343-7782.1

every claim limitation of claim 12 of the '180 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

103.    Bowtech's infringement of the '180 patent has been and continues to be willful and deliberate.

104.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '180 patent.

## COUNT XII

## INFRINGEMENT OF UNITED STATES PATENT NO. 9,644,918

105.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-104, inclusive, as though fully set forth herein.

106.    United States Patent No. 9,644,918 ("the '918 patent"), which is entitled "Bow limb retaining system," was duly and legally issued by the United States Patent and Trademark Office on May 9, 2017.  A true and correct copy of the '918 patent is attached hereto as Exhibit L.

107.    The '918 patent is valid and enforceable.

108.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '918 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

109.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '918 patent and MCP IP's infringement allegations relating to the '918 patent.

110.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 1 of the '918 patent in violation of 35 U.S.C. § 271(a).

111.    More specifically, Exhibit LL depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claim 1 of the '918 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

112.    Bowtech's infringement of the '918 patent has been and continues to be willful and deliberate.

113.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '918 patent.

## COUNT XIII

## INFRINGEMENT OF UNITED STATES PATENT NO. 8,047,189

114.  MCP IP repeats and realleges each and every allegation contained in paragraphs 1-113, inclusive, as though fully set forth herein.

115.  United States Patent No. 8,047,189 ("the '189 patent"), which is entitled "Limb mounting system," was duly and legally issued by the United States Patent and Trademark Office on November 1, 2011.  A true and correct copy of the '189 patent is attached hereto as Exhibit M.

116.  The '189 patent is valid and enforceable.

117.  MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '189 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

118.  Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '189 patent and MCP IP's infringement allegations relating to the '189 patent.

119.  Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 17 of the '189 patent in violation of 35 U.S.C. § 271(a).

120.  More specifically, Exhibit MM depicts and describes how a Bowtech Boss bow and all other similarly configured bows meet each and every claim limitation of claim 17 of the '189 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

121.    Bowtech's infringement of the '189 patent has been and continues to be willful and deliberate.

122.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '189 patent.

## COUNT XIV

### INFRINGEMENT OF UNITED STATES PATENT NO. 8,408,192

123.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-122, inclusive, as though fully set forth herein.

124.    United States Patent No. 8,408,192 ("the '192 patent"), which is entitled "Limb mounting system," was duly and legally issued by the United States Patent and Trademark Office on April 2, 2013.  A true and correct copy of the '192 patent is attached hereto as Exhibit N.

125.    The '192 patent is valid and enforceable.

126.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '192 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

127.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '192 patent and MCP IP's infringement allegations relating to the '192 patent.

128.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claims 1, 2, 4, 16, and 21 of the '192 patent in violation of 35 U.S.C. § 271(a).

129.    More specifically, Exhibit NN depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claims 1, 2, 16, and 21 of the '192 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

130.    Bowtech's infringement of the '192 patent has been and continues to be willful and deliberate.

131.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '192 patent.

## COUNT XV

## INFRINGEMENT OF UNITED STATES PATENT NO. 8,505,526

132.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-131, inclusive, as though fully set forth herein.

133.    United States Patent No. 8,505,526 ("the '526 patent"), which is entitled "Archery bow," was duly and legally issued by the United States Patent and Trademark Office on August 13, 2013.  A true and correct copy of the '526 patent is attached hereto as Exhibit O.

134.    The '526 patent is valid and enforceable.

135.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '526 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

136.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '526 patent and MCP IP's infringement allegations relating to the '526 patent.

137.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claims 14, 15, and 18 of the '526 patent in violation of 35 U.S.C. § 271(a).

138.    More specifically, Exhibit OO depicts and describes how a Bowtech Boss bow and all other similarly configured bows meet each and every claim limitation of claims 14, 15, and 18 of the '526 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

139.    Bowtech's infringement of the '526 patent has been and continues to be willful and deliberate.

140.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '526 patent.

## COUNT XVI

### INFRINGEMENT OF UNITED STATES PATENT NO. 9,389,040

141.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-140, inclusive, as though fully set forth herein.

142.    United States Patent No. 9,389,040 ("the '040 patent"), which is entitled "Archery bow," was duly and legally issued by the United States Patent and Trademark Office on July 12, 2016.  A true and correct copy of the '040 patent is attached hereto as Exhibit P.

143.    The '040 patent is valid and enforceable.

144.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '040 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

145.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '040 patent and MCP IP's infringement allegations relating to the '040 patent.

146.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claims 1 and 9 of the '040 patent in violation of 35 U.S.C. § 271(a).

147.    More specifically, Exhibit PP depicts and describes how a Bowtech Boss bow and all other similarly configured bows meet each and every claim limitation of claims 1 and 9 of the '040 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements

of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

148.    Bowtech's infringement of the '040 patent has been and continues to be willful and deliberate.

149.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '040 patent.

## COUNT XVII

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,987,842

150.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-149, inclusive, as though fully set forth herein.

151.    United States Patent No. 7,987,842 ("the '842 patent"), which is entitled "Apparatus and method for releasably mounting an accessory to an object such as for releasably mounting an arrow quiver to an archery bow," was duly and legally issued by the United States Patent and Trademark Office on August 2, 2011.  A true and correct copy of the '842 patent is attached hereto as Exhibit Q.

152.    The '842 patent is valid and enforceable.

153.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '842 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

154.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '842 patent and MCP IP's infringement allegations relating to the '842 patent.

155.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 14 of the '842 patent in violation of 35 U.S.C. § 271(a).

156.    More specifically, Exhibit QQ depicts and describes how a Bowtech Carbon Icon bow and all other similarly configured bows meet each and every claim limitation of claim 14 of the '842 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

157.    Bowtech's infringement of the '842 patent has been and continues to be willful and deliberate.

158.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '842 patent.

## COUNT XVIII

### INFRINGEMENT OF UNITED STATES PATENT NO. 8,596,256

159.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-158, inclusive, as though fully set forth herein.

---

160.    United States Patent No. 8,596,256 ("the '256 patent"), which is entitled "Apparatus and method for releasably mounting an accessory to an object such as for releasably mounting an arrow quiver to an archery bow," was duly and legally issued by the United States Patent and Trademark Office on December 3, 2013.  A true and correct copy of the '256 patent is attached hereto as Exhibit R.

161.    The '256 patent is valid and enforceable.

162.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '256 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

163.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '256 patent and MCP IP's infringement allegations relating to the '256 patent.

164.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 1 of the '256 patent in violation of 35 U.S.C. § 271(a).

165.    More specifically, Exhibit RR depicts and describes how a Bowtech Carbon Icon bow and all other similarly configured bows meet each and every claim limitation of claim 1 of the '256 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP

IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

166.    Bowtech's infringement of the '256 patent has been and continues to be willful and deliberate.

167.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '256 patent.

## COUNT XIX

## INFRINGEMENT OF UNITED STATES PATENT NO. 9,400,154

168.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-167, inclusive, as though fully set forth herein.

169.    United States Patent No. 9,400,154 ("the '154 patent"), which is entitled "Apparatus and method for releasably mounting an accessory to an object such as for releasably mounting an arrow quiver to an archery bow," was duly and legally issued by the United States Patent and Trademark Office on July 26, 2016.  A true and correct copy of the '154 patent is attached hereto as Exhibit S.

170.    The '154 patent is valid and enforceable.

171.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '154 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

172.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '154 patent and MCP IP's infringement allegations relating to the '154 patent.

173.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claim 1 of the '154 patent in violation of 35 U.S.C. § 271(a).

174.    More specifically, Exhibit SS depicts and describes how a Bowtech Carbon Icon bow and all other similarly configured bows meet each and every claim limitation of claim 1 of the '154 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

175.    Bowtech's infringement of the '154 patent has been and continues to be willful and deliberate.

176.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '154 patent.

**COUNT XX**

**INFRINGEMENT OF UNITED STATES PATENT NO. 8,402,960**

177.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-176, inclusive, as though fully set forth herein.

178.    United States Patent No. 8,402,960 ("the '960 patent"), which is entitled "Archery bow," was duly and legally issued by the United States Patent and Trademark Office on March 26, 2013.  A true and correct copy of the '960 patent is attached hereto as Exhibit T.

179.    The '960 patent is valid and enforceable.

180.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '960 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

181.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '960 patent and MCP IP's infringement allegations relating to the '960 patent.

182.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claims 1, 6, 7, 9, and 20 of the '960 patent in violation of 35 U.S.C. § 271(a).

183.    More specifically, Exhibit TT depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claims 1, 6, 7, 9, and 20 of the '960 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

184.    Bowtech's infringement of the '960 patent has been and continues to be willful and deliberate.

185.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '960 patent.

## COUNT XXI

### INFRINGEMENT OF UNITED STATES PATENT NO. 8,671,929

186.    MCP IP repeats and realleges each and every allegation contained in paragraphs 1-185, inclusive, as though fully set forth herein.

187.    United States Patent No. 8,671,929 ("the '929 patent"), which is entitled "Archery bow," was duly and legally issued by the United States Patent and Trademark Office on March 18, 2014.  A true and correct copy of the '929 patent is attached hereto as Exhibit U.

188.    The '929 patent is valid and enforceable.

189.    MCP IP is the owner of all right, title, and interest in and to the inventions claimed in the '929 patent.  MCP IP is entitled to receive all damages and the benefits of all other remedies for Bowtech's infringement.

190.    Since at least the date Bowtech was served with the Complaint, Bowtech has had notice of the '929 patent and MCP IP's infringement allegations relating to the '929 patent.

191.    Without permission or authorization from MCP IP, Bowtech has manufactured, offered for sale, and sold and continues to manufacture, offer for sale, and sell certain hunting, target, and/or competition bows, including, without limitation, compound bows sold under the Bowtech and/or Diamond brands, which infringe at least claims 1, 4, 6, and 8 of the '929 patent in violation of 35 U.S.C. § 271(a).

---

192.    More specifically, Exhibit UU depicts and describes how a Bowtech Eva Shockey bow and all other similarly configured bows meet each and every claim limitation of claims 1, 4, 6, and 8 of the '929 patent.  MCP IP reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by information contained in this Exhibit.  This Exhibit is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent MCP IP's preliminary or final infringement contentions or preliminary or final claim construction positions.

193.    Bowtech's infringement of the '929 patent has been and continues to be willful and deliberate.

194.    Bowtech's conduct has caused and will continue to cause MCP IP substantial damage, including irreparable harm, for which MCP IP has no adequate remedy at law, unless and until Bowtech is enjoined from infringing the '929 patent.

## REQUEST FOR RELIEF

Wherefore, MCP IP prays for judgment as follows:

A.    For a judgment that Bowtech has infringed the '281 patent;

B.    For a judgment that Bowtech has infringed the '791 patent;

C.    For a judgment that Bowtech has infringed the '333 patent;

D.    For a judgment that Bowtech has infringed the '201 patent;

E.    For a judgment that Bowtech has infringed the '775 patent;

F.    For a judgment that Bowtech has infringed the '840 patent;

G.    For a judgment that Bowtech has infringed the '989 patent;

H.    For a judgment that Bowtech has infringed the '017 patent;

I.      For a judgment that Bowtech has infringed the '635 patent;

J.      For a judgment that Bowtech has infringed the '644 patent;

K.      For a judgment that Bowtech has infringed the '180 patent;

L.      For a judgment that Bowtech has infringed the '918 patent;

M.      For a judgment that Bowtech has infringed the '189 patent;

N.      For a judgment that Bowtech has infringed the '192 patent;

O.      For a judgment that Bowtech has infringed the '526 patent;

P.      For a judgment that Bowtech has infringed the '040 patent;

Q.      For a judgment that Bowtech has infringed the '842 patent;

R.      For a judgment that Bowtech has infringed the '256 patent;

S.      For a judgment that Bowtech has infringed the '154 patent;

T.      For a judgment that Bowtech has infringed the '960 patent;

U.      For a judgment that Bowtech has infringed the '929 patent;

V.      For an order preliminarily and permanently enjoining Bowtech and its officers, directors, agents, employees, successors, and all persons in privity or active concert or participation with Bowtech, directly or indirectly, from infringing the asserted patents;

W.      For a judgment and award that Bowtech account for and pay to MCP IP damages adequate to compensate for Bowtech's infringement of the asserted patents, including lost profits but in no event less than a reasonable royalty;

X.      For a judgment and award of any supplemental damages sustained by MCP IP for any continuing post-verdict infringement of the asserted patents until entry of final judgment with an accounting as needed;

Y.      For a finding that Bowtech's infringement is willful and an award of increased damages for willful infringement pursuant to 35 U.S.C. § 284;

Z.      For an order finding that this case is exceptional under 35 U.S.C. § 285 and awarding MCP IP its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Bowtech;

AA.     For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

BB.     For an award of such other relief as this Court deems just and proper.

## JURY DEMAND

MCP IP demands a jury trial on all issues so triable.

Dated:  November 27, 2017                    Respectfully submitted,

/s/
Tracy M. McGovern, OR Bar No. 935349
mcgovern@fdfirm.com
Frohnmayer, Deatherage, Jamieson, Moore,
Armosino & McGovern, P.C.
2592 East Barnett Road
Medford, OR 97504
Tel. 541.779.2333

Kadie M. Jelenchick, WI Bar No. 1056506
(*pro hac vice* to be filed)
kjelenchick@foley.com
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Tel. 414.319.7324

Attorneys for Plaintiff MCP IP, LLC

---