IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MCP IP, LLC,

        Plaintiff,

v.

BOWTECH, INC.,

        Defendant-Counterclaim Plaintiff,

MCP, LLC, MATHEW McPHERSON,
MATHEWS ARCHERY, INC., and
SHERRY McPHERSON,

        Counterclaim Defendants.

6:17-1896 (lead case)
6:18-cv-1087-TC

ORDER

MCSHANE, Judge:

        Federal Rule of Civil Procedure 72 allows a party to object to any nondispositive order. A district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

        Counterclaim defendants object to a minute order entry (ECF No. 98) that they allege conflicts with an oral ruling Judge Coffin made during the hearing. *See* ECF No. 99. Specifically, counterclaim defendants seek to strike the following language of the minute order: "Denying Motion for a Protective Order [69] without prejudice to refile if necessary after the

1 –ORDER

parties confer and draft a less broad protective order." Counterclaim defendants argue that because Judge Coffin stayed discovery pending resolution of the jurisdictional issues, his order denying the requested protective order was clearly erroneous. There is nothing erroneous (and certainly nothing "clearly erroneous") in the minute order. The requested protective order was quite broad. As I read the motion for a protective order, counterclaim defendants requested both a stay and an order that they need not respond to *any* discovery requests. *See* ECF No. 65, 15 (counterclaim defendants "respectfully request that the Court grant their motion for Entry of Protective Order, relieving them from responding to the Requests, and otherwise staying discovery as to [counterclaim defendants] until there is a ruling on the pending Motion to Dismiss."]; *see also id.* at 1 (counterclaim defendants "move for a protective order from the Court deferring any Bowtech discovery until the Court rules on the pending Motion to Dismiss which is based on the Court's lack of personal jurisdiction and venue over [the counterclaim defendants]"). Because Judge Coffin clearly allowed discovery related to the jurisdictional issues, counterclaim defendants' motion was overbroad and Judge Coffin correctly denied it with leave to refile "a less broad protective order."[1] Counterclaim defendants' objections (ECF No. 99) are DENIED.

Defendant objects to Judge Coffin's denial of its motion to compel discovery (ECF No. 117). Specifically, defendant seeks to compel plaintiff to produce documents it is able to obtain from the counterclaim defendants. Judge Coffin's ruling was not clearly erroneous nor contrary to law. As noted by Judge Coffin, nothing prevented defendant from issuing subpoenas to the counterclaim defendants. Judge Coffin stated he would not give an advisory ruling at that time,

---

[1] The court understands that the parties disagree on whether much of the sought after discovery is in fact related to the jurisdictional issues. Those questions may be dealt with on a case-by-case basis rather than a broad prohibition on any discovery from the counterclaim defendants.

2 –ORDER

but would wait for any subpoenas to be presented before him. Plaintiff MCP appears to agree (at least for the purpose of responding to defendant's objection) that nothing prevents defendant from issuing subpoenas. Counterclaim defendants note that their own motion for a protective order (ECF No. 69, discussed above) "was directed to the pending discovery requests, not on any future, not yet served subpoenas." ECF No. 133. Considering the counterclaim defendants agree nothing prevents defendant from serving subpoenas, defendant's motion to compel appears premature. Defendant's objections (ECF No. 130) are denied.[2]

After reviewing the extensive record to date, I echo Judge Coffin's comment that, "I can see this case lasting for I don't know how many years before it ever sees a trial date, given all the squabbling that is taking place over literally almost everything in the case." In an earlier hearing, Judge Coffin compared this case to litigation forming the basis of the novel *Bleak House* by Charles Dickens. The litigation in that novel lasted over 100 years and Judge Coffin noted this case "has the earmarks of turning into" that case. Transcript of June 22, 2018 Hearing, 12. Transcript of March 22, 2019 hearing, 21-22.

Plaintiff filed this action in November of 2017. The parties are not yet finished with limited discovery relating to the question of jurisdiction over the counter defendants. While this litigation without a doubt involves complex questions of patent law, the parties should strive to work better going forward towards resolving disputes regarding discovery without requiring the

---

[2] This is not a ruling to prevent defendant from filing a future motion compelling MCP to provide information it has access to from the other counterclaim defendants. Any arguments related to the subpoenas will take place at that time, not now (before any subpoenas have been filed). Depending on the success with the subpoenas, defendant may refile. At that time, the court could consider the interchangeability or connectedness of the parties. If necessary, the court will rule on such a motion at the appropriate time. As noted by Judge Coffin, "You know, quite frankly, everyone can make this case as complicated as they want, and ultimately if the subpoena is issued to [counterclaim defendant] Mr. McPherson, that's one way to get the materials if that's the journey that everybody wants to take on this case." Transcript of March 22, 2019 Hearing, 21. Judge Coffin also noted he would not provide any advisory ruling on any issue related to subpoenas not presently before him.

3 –ORDER

assistance of a magistrate judge, followed by objections and responses to those objections. One reason the district requires local counsel is to make out-of-state counsel aware of the obligations and expectations regarding attorneys involved in litigation in the District of Oregon. In my five years on the federal bench, I have never witnessed the sheer amount of objections filed at this stage of litigation. Local counsel shall communicate with *pro hac vice* counsel to ensure all attorneys involved in this action are aware of the expectations for attorneys practicing in this district. If the parties remain unable to agree on practically anything without the court's assistance, one option is to resolve any similar future motions with in-person hearings in Eugene (for local counsel as well as out-of-state counsel), with the losing party responsible for fees and costs incurred on the prevailing party.

As Judge Coffin recently retired, these actions were reassigned to Judge Kasubhai. If the parties believe objecting to any adverse discovery ruling will simply provide them another shot at the apple, they are mistaken. Consistent with rule 72, I will give Judge Kasubhai's nondispositive rulings proper deference, overruling only those orders that are clearly erroneous or contrary to law. As the parties are no doubt aware, the federal rules provide trial judges with great leeway and latitude in conducting pretrial matters, including discovery. In dealing with any potential future objections, I will certainly keep those rules in mind. Hopefully, the parties work together to provide discovery in an efficient, responsible, and professional manner.

IT IS SO ORDERED.

DATED this 17th day of May, 2019.

                                                           /s/ Michael J. McShane  
                                                              Michael McShane  
                                                           United States District Judge